UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| Aniello Illiano, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: 21-4419 |
| ) | |
| Convergent Outsourcing, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF
# THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.  Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

1

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Aniello Illiano, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, Convergent Outsourcing, Inc. (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 800 SW 39th Street, Suite 100, Renton, WA 98057. *See Exhibit "1" attached hereto.*

14. The Defendant is a debt collection agency, and the Defendant is conducting business in the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s) and/or agent(s).

25. The Plaintiff retained Dunne Law Offices, P.C. for legal representation regarding the Plaintiff's debts.

26. Prior to July 21, 2020, the Plaintiff co-signed a debt for his daughter, Elvira Illiano-Trovato. Unfortunately, this debt went into default.

27. Prior to July 21, 2020, the Defendant has been attempting to collect a debt from Plaintiff.

28. On July 21, 2020, the Plaintiff's legal counsel sent a letter to the Defendant via facsimile. This facsimile transmission to the Defendant was successfully received by the Defendant. *See Exhibit "2" attached hereto*.

29. This letter indicated that Plaintiff had legal counsel for the debt that Defendant was attempting to collect.

30. Communications sent via facsimile are assumed to have been received by the intended recipient if the facsimile confirmation indicates a successful transmission. *See* Laouini v. CLM Freight Lines, Inc., 586 F.3d 473 (7th Cir., 2009)(holding that facsimile confirmation generated by the…fax machine was sufficient to create a factual dispute that …was received…); Bridgeview Health Care Center Ltd. v. Clark, 2011 WL 4585028, 3 (N.D.Ill 2011)("Indeed, in the facsimile transmission context, it is commonly understood that 'success' means that 'the two fax machines have performed an electronic "handshake" and that the data has been transmitted from one machine to the other.'").

31. Despite the aforementioned notice of legal representation, in May and June of 2021, Defendant began calling the restaurant owned by the Plaintiff in an attempt to collect a debt. Defendant was calling for Plaintiff in an attempt to harass Plaintiff into paying the debt at issue in this matter.

32. Even if Defendant was calling for location information for Elvira Illiano, the other person on the account, Defendant's conduct still constitutes a violation of the FDCPA. Defendant had knowledge of Elvira's legal representative. *See e.g.*, Guerrero v. RJM Acquisitions, LLC, 499 F.3d 926 (9th Cir. 2007)("a debt collector who knows how to contact a debtor's attorney must target all communications to the attorney, and not to the debtor herself"); *see also* Gustin v. Allied Interstate, LLC, 2014 WL 1923735 (N.D. Ala. 2014)("[W]hen a debt collector knows that a consumer has retained counsel with regard to the subject debt, he may not generally contact anyone other than the attorney to determine the consumer's whereabouts").

33. Defendant's violations are material as the unsophisticated consumer, who has retained counsel to represent him regarding the debt at issue in this matter, would be left with the impression that retaining legal counsel was futile and that he did not have the rights Congress granted to him under the FDCPA. By calling Plaintiff illegally, Defendant invaded Plaintiff's right of privacy and Defendant's actions constitute intrusion upon seclusion. Plaintiff had to take his limited time to deal with the harassing phone calls and call his legal counsel about Defendant's illegal conduct. Defendant's conduct alarmed, distress, and caused Plaintiff much anxiety. In short, Plaintiff has suffered actual harm. Defendant's violations of the FDCPA constitute more than just bare procedural violations.

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 33 of the complaint are realleged and incorporated herewith by references.

2. The Defendant's acts and omissions constitute a violation of 15 U.S.C. §1692b.

3. The Defendant contacted a consumer it knew to be represented by legal counsel which constitutes a violation of 15 U.S.C. § 1692c.

4. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

6. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

7. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

s/ Stephen M. Dunne
Stephen M. Dunne
Dunne Law Offices, P.C.
Attorney for Plaintiff
1515 Market Street, Suite 1200
Philadelphia, PA 19102
Office: (215)551-7109
Fax: (215)525-9721
Email: stephen@dunnelawoffices.com